IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Randall Ertzberger, Individually and as Personal Representative of the Estate of Dorothy Faye Ertzberger, Deceased, | ) ) ) ) | Case No.: 7:16-cv-00727-TMC |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| Hunt Valley Holdings, LLC f/k/a Fundamental Long Term Care Holdings, LLC; Fundamental Clinical and Operational Services, LLC; Fundamental Clinical Consulting, LLC; Fundamental Administrative Services, LLC; THI of Baltimore, Inc.; THI of South Carolina, LLC; THI of South Carolina at Magnolia Manor-Inman, LLC d/b/a Magnolia Manor-Inman; and Rusty Flathmann, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the court is Plaintiff Randall Ertzberger's motion to remand this action to state court. For the reasons stated below, the motion is granted.

**I.    Factual and Procedural Background**

Plaintiff Randall Ertzberger ("Plaintiff"), who resides in Spartanburg County, South Carolina, brings this suit individually and as personal representative of the estate of Dorothy Faye Ertzberger, a former resident at Magnolia Manor-Inman senior nursing facility, also located in Spartanburg County. (ECF No. 1-1 at 7). Each defendant in this case is allegedly connected to Magnolia Manor-Inman through management, operation, or ownership of the facility and, except for Defendant Rusty Flathmann ("Flathmann"), each defendant is domiciled outside South Carolina. (ECF Nos. 1 at 3–4; 1-1 at 10–11). Flathmann is a South Carolina domiciliary

1

and a member of the "governing body" for Magnolia Manor-Inman, which is charged with appointing a licensed administrator responsible for management of the facility. (*See* ECF No. 1 at 4, 9–10). Flathmann is also purportedly an employee of Defendant Fundamental Clinical and Operational Services, LLC ("FCOS"), and a regional director of operations for one or more of his co-defendants. (ECF Nos. 1-1 at 11; 16 at 2).

In June 2009, Dorothy Faye Ertzberger entered Magnolia Manor-Inman for residential care. (ECF No. 1-1 at 14). She remained at Magnolia Manor-Inman until August 14, 2014, when she was transferred to a hospital. (*Id.*) Dorothy Faye Ertzberger died on August 16, 2014. (*Id.* at 24). On January 14, 2016, Plaintiff filed suit in the Court of Common Pleas for Spartanburg County, alleging claims for (1) negligence/recklessness; (2) corporate negligence; (3) joint venture; (4) alter ego/piercing the corporate veil; (5) amalgamation of interests; (6) neglect of a vulnerable adult; and (7) wrongful death arising from Dorothy Faye Ertzberger's care at Magnolia Manor-Inman. (ECF No. 1-1 at 17–23).

On March 7, 2016, FCOS removed Plaintiff's suit to this court pursuant to 28 U.S.C. § 1441(a), arguing that the amount in controversy requirement is met and complete diversity exists between the parties because Plaintiff fraudulently joined Flathmann. (ECF No. 1). Plaintiff filed a motion to remand on March 28, 2016, asserting that Flathmann is an indispensable party to this litigation and seeking reimbursement for costs and expenses incurred as a result of removal. (ECF No. 16 at 1–2, 13). FCOS responded on April 14, 2016, (ECF No. 18), and this matter is now ready for review.

## II.     Applicable Law

The removal of cases from state to federal court is governed by 28 U.S.C. §§ 1441 and 1446. District courts must construe the removal statute strictly against removal because

removing a case from state court implicates "significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

"When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims." *Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 869 (N.D. W. Va. 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts primarily have original jurisdiction over two types of cases: (1) those involving a federal question under 28 U.S.C. § 1331; and (2) those involving diversity of citizenship under 28 U.S.C. § 1332. For a civil action to satisfy the requirements of § 1332, there must be complete diversity—that is, no plaintiff can be a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Given § 1332's mandate, it is difficult for a defendant to remove a case to federal court when a non-diverse defendant is party to the suit and a federal question does not appear on the face of the plaintiff's well-pleaded complaint. *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1004 n.2 (4th Cir. 2014) (citation omitted); *see also Louisville & Nashville R.R. v. Motley*, 211 U.S. 149, 154 (1908). However, removal under these circumstances is not impossible. The doctrine of fraudulent joinder represents a limited exception to the complete diversity requirement, *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015), which allows a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Under the doctrine, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident

3

defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (citation omitted).

A removing party asserting fraudulent joinder as the basis for diversity jurisdiction bears a "heavy burden" to "demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted); *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993). The Fourth Circuit has noted that this standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464 (citation omitted) (internal quotation marks omitted). Thus, "fraudulent joinder claims are subject to a rather black-and-white analysis in [the Fourth Circuit]" and "[a]ny shades of grey are resolved in favor of remand." *Adkins v. Consolidation Coal Co.*, 856 F. Supp. 2d 817, 820 (S.D. W. Va. 2012) (citing *Hartley*, 187 F.3d at 425). A plaintiff's ultimate success in state court is not required; instead, once a district court identifies a "glimmer of hope" that the plaintiff may have a right to relief in state court, the jurisdictional inquiry ends. *Hartley*, 187 F.3d at 426 (citation omitted).

In determining whether an attempted joinder is fraudulent, a district court must resolve all issues of fact and law in the plaintiff's favor. *Marshall* 6 F.3d at 232–33. "[T]he court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

### III.     Discussion

4

In its notice of removal, FCOS does not contend that Plaintiff engaged in outright fraud or bad faith in joining Flathmann to this action; rather, FCOS argues there is no possibility that Plaintiff can state a claim against Flathmann under any of the counts alleged in his complaint. (ECF No. 1 at 9). Plaintiff counters this argument in his motion to remand by asserting that Flathmann's status as regional director of operations for several of his co-defendants makes him directly responsible for critical aspects of Magnolia Place-Inman's day-to-day activities,[1] and therefore, personally liable for his own negligent conduct leading to operational deficiencies at the facility, and ultimately Dorothy Faye Ertzberger's death. (*See* ECF No. 16 at 8–10). In addition, Plaintiff claims that, as head of the governing body for Magnolia Place-Inman, federal regulatory law subjects Flathmann to direct liability for the facility's torts. (*Id.* at 10). Finally, Plaintiff argues that liability in this case stems from a corporate scheme to increase profits by funneling Medicare and Medicaid money away from operational needs at Magnolia Place-Inman, and Flathmann is an indispensable party to this action because he acted as the "conduit between the corporate scheme and the residents at [Magnolia Place-Inman]." (*Id.* at 12–14).

FCOS responds to Plaintiff's motion by citing *Flores v. Ethicon, Inc.*, 563 F. App'x 266 (4th Cir. 2014), for the proposition that removal under the fraudulent joinder doctrine was proper because Plaintiff's complaint fails to state any specific facts related to Flathmann's alleged wrongful conduct. (ECF No. 18 at 6). Additionally, FCOS argues that neither federal regulatory law nor Flathmann's position as a regional director of operations imposes a duty of patient care upon him, and even if such a duty existed, Plaintiff has failed to indicate in his complaint or motion to remand how Flathmann engaged in conduct that breached his alleged duty or caused Plaintiff's injuries. (*Id.* at 8–13).

---

[1] Flathmann's responsibilities at Magnolia Place-Inman allegedly include: financial and budgetary oversight; policy review and regulatory compliance; hiring and staffing; training administrators and management personnel; and monitoring facility performance and satisfaction levels. (ECF No. 16 at 7–8).

5

In a fraudulent joinder analysis, a federal district court must essentially view the case through the same lens that a state court would use to examine the propriety of a plaintiff's claims. Thus, the primary question before the court is whether a South Carolina court reviewing this action would potentially allow Plaintiff's claims against Flathmann to proceed. The first cause of action in Plaintiff's complaint is for negligence. Under South Carolina law, "[a] plaintiff, to establish a cause of action for negligence, must prove the following four elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty." *Fettler v. Gentner*, 722 S.E.2d 26, 29 (S.C. Ct. App. 2012) (citations omitted).

Having reviewed the entire record, the court is not convinced that a South Carolina court would dismiss Plaintiff's negligence-based claims against Flathmann. FCOS urges the court to employ the reasoning utilized in *Flores* to find that Flathmann was fraudulently joined because Plaintiff's complaint largely refers to the defendants in the collective and fails to attribute specific acts of negligence to Flathmann. However, the facts in this case are distinguishable from the facts in *Flores*, where the plaintiff argued she could state a cognizable claim against non-diverse defendants under a cause of action not actually averred in her complaint. 563 F. App'x at 269. Under the circumstances, the Fourth Circuit found that the plaintiff's complaint was "so inadequate" and the "record so entirely lacking in factual support" that it could only "conclude that the non-diverse defendants were added to defeat jurisdiction." *Id.*

Here, Plaintiff alleges in his complaint, and reiterates in his motion to remand, that defendants breached a duty of care to Dorothy Faye Ertzberger when Magnolia Place-Inman failed to employ adequate staff to monitor her for changes in medical condition and prevent her

6

from experiencing choking episodes. (ECF Nos. 1-1 at 14–17; 16 at 10–12). Additionally, Plaintiff avers that Flathmann was directly involved in staffing and budgeting decisions at Magnolia Place-Inman, and that he and his co-defendants are jointly liable for wrongful acts that occurred as a result of a scheme to purposefully underfund the facility. (ECF Nos. 1-1 at 17; 16 at 10–13). Plaintiff's complaint also lists a series of alleged negligent acts that presumably occurred as a result of underfunding and improper staffing. (ECF No. 1-1 at 17–19).

The South Carolina Supreme Court has recognized that corporate status does not shield officers or directors from liability for tortious acts in which they participate or direct. *Hunt v. Rabon*, 272 S.E.2d 643, 644 (S.C. 1980); *see also BPS, Inc. v. Worthy*, 608 S.E.2d 155, 160 (S.C. Ct. App. 2005). An individual is personally liable for breaching a duty owed to another when he engages in activity without exercising the "degree of care which a person of ordinary prudence and reason would exercise under the circumstances." *See Berberich v. Jack*, 709 S.E.2d 607, 612 (S.C. 2011). Plaintiff's complaint can be interpreted as saying that Flathmann *himself* engaged in unreasonable conduct that contributed to Dorothy Faye Ertzberger's suffering and death when he helped his co-defendants underfund and understaff Magnolia Place-Inman. Accordingly, when viewed in these terms, it is not readily apparent that Plaintiff's claims against Flathmann are fatally defective such that a South Carolina court would bar them from proceeding to trial. Moreover, although Plaintiff refers to defendants collectively in a number of his factual allegations, this type of pleading is not necessarily proscribed by South Carolina courts. *See Shirley's Iron Works, Inc. v. City of Union*, 743 S.E.2d 778, 785 (S.C. 2013) ("Pleadings are to be liberally construed to do substantial justice to all parties," as the pleading's primary purpose is to "inform the pleader's adversary of legal and factual positions which he will be required to meet at trial." (citations omitted) (internal quotation marks omitted)). And even if Plaintiff's

7

collective pleadings fail to meet the requisite specificity needed to state a claim against Flathmann, this is likely true with respect to all the defendants, which presents "a quintessential merits determination that belongs in the state court." *Montanaro v. State Farm Mut. Auto Ins. Co.*, 29 F. Supp. 3d 662, 668 (D.S.C. 2014) (quoting *Smith v. SmithKline Beecham Corp.*, No. 11-56-ART, 2011 WL 2731262, at *5 (E.D. Ky. Jul. 13, 2011)).

To be clear, the court makes no findings as to the merits of Plaintiff's claims against Flathmann. A South Carolina court may ultimately find Plaintiff's claims incurably defective, but it is not appropriate for this court to delve into uncertain questions of law or fact at this stage of the proceedings. *Hartley*, 187 F.3d at 425. Instead, courts should seek to minimize threshold litigation over jurisdiction by "accept[ing] the parties joined on the face of the complaint unless joinder is clearly improper." *Id.*; *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 n.13 (1980) ("Jurisdiction should be as self-regulated as breathing . . . litigation over whether the case is in the right court is essentially a waste of time and resources.") (citation omitted). With the benefit of discovery, there is at least a glimmer of hope that Plaintiff could establish his negligence claims against Flathmann at trial; therefore, the court cannot ignore Flathmann's citizenship for diversity purposes, and it must remand the case to state court for adjudication. *See Montanaro*, 29 F. Supp. 3d at 667.

In addition to his motion to remand, Plaintiff also asks this court to award him attorney's fees. (ECF No. 16 at 1). 28 U.S.C. § 1447(c) authorizes the court, in its discretion, to award "costs and actual expenses, including attorney fees, incurred as a result of the removal." However, in construing § 1447(c), the United States Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,

8

546 U.S. 132, 141 (2005). Applying this standard to the circumstances of this case, the court declines to make such an award.

## IV.     Conclusion

For the reasons stated above, the court finds that it lacks subject matter jurisdiction over this suit. It is therefore **ORDERED** that Plaintiff's motion to remand is **GRANTED** and Plaintiff's request for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

May 16, 2016  
Anderson, South Carolina